Don Springmeyer (NSBN 1021)
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
   RABKIN, LLP
3556 East Russell Road, Second Floor
Las Vegas, NV 89120
Telephone: (702) 341-5200
Facsimile: (702) 341-5300
E-mail: DSpringmeyer@wrslawyers.com

*Proposed Liaison Counsel*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ELLIOTT GREENBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>A-POWER ENERGY GENERATION SYSTEMS, LTD., JINXIANG LU and KIN KWONG MAK<br><br>Defendants. | No. 3:11-cv-00472-RCJ-RAM<br><br><u>CLASS ACTION</u><br><br>**RICHARD LEVINSON'S MOTION FOR CONSOLIDATION, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL** |
| RAJNISH GUPTA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>A-POWER ENERGY GENERATION SYSTEMS, LTD., LTD., A-POWER ENERGY GENERATION SYSTEMS, USA, LTD., JINXIANG LU and KIN KWONG MAK<br><br>Defendants. | No. 3:11-cv-00577-RCJ-VPC |

COHEN, MILSTEIN,
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW

NO. 3:10-CV-1673 RICHARD LEVINSON'S MOTION FOR CONSOLIDATION

## I.     INTRODUCTION

Richard Levinson ("Movant") suffered substantial losses as a result of his investment in the common stock of A-Power Energy Generation Systems, Ltd. ("A-Power") from March 31, 2008 through June 27, 2011 (the "Class Period") and he alleges that these losses were caused by Defendants' violations of the Exchange Act.  He now respectfully moves (1) for the consolidation of the above-captioned cases; (2) to be appointed lead plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act ("PSLRA"); and (3) for approval of his selection of the law firms of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as lead counsel for the class and Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("Wolf, Rifkin") as liaison counsel.

Pursuant to the PSLRA, after consolidation of related cases the Court is to appoint as lead plaintiff from among those seeking such appointment who otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the movant or group of movants with the largest financial interest in the litigation.  *See* 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA establishes a three-step procedure for the selection of lead plaintiffs to oversee class actions brought under the Exchange Act.  *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  First, the PSLRA provides that within 20 days after the date on which a securities fraud class action is filed, the initial plaintiff is required to publish a notice advising potential plaintiff class members of the pendency of the action, the claims, the purported class period, and that any member of the class may file a motion with the Court to serve as lead plaintiff no later than 60 days from the publication of that original notice.  15 U.S.C. § 78u-4(a)(3)(A)(ii).  Notice of the first class action filed against A-Power

was timely published. *See* Declaration of Matthew B. Kaplan ("Kaplan Decl."), Ex. A.

Next, the PSLRA instructs the Court to appoint the "most adequate plaintiff" to serve as lead plaintiff for the class. The PSLRA provides that the Court shall presume to be the lead plaintiff the person or persons who: (1) have either filed a complaint or moved for lead plaintiff in response to a notice; (2) "ha[ve] the largest financial interest in the relief sought"; and (3) satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001)).

Finally, after the presumptive lead plaintiff has been identified, other class members have "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F. 3d at 730.

For the reasons set forth below, Movant is the "most adequate plaintiff" under the PSLRA who has moved to serve as lead plaintiff in this action. Movant alleges that he has the largest financial interest in the relief sought by this action by virtue of his losses of approximately $380,000 from his purchases of shares in the securities which are the subject of this action. Movant further satisfies the relevant requirements of Rule 23 as an adequate class representative with claims typical of the other purchasers of the securities at issue in the action. Additionally, Movant's selection of Cohen Milstein as lead counsel should be approved because Movant, as the presumptive lead plaintiff, has selected highly qualified counsel. Cohen Milstein has extensive experience in the prosecution of

securities class actions and will adequately represent the interests of all class members as lead counsel.

## II. BACKGROUND

A-Power is engaged in, among other things, providing onsite distributed power generation systems and micro power grids for industrial companies. The complaints in these actions allege that, during the class period, the Defendants made false and misleading statements about A-Power's financial health. When information about A-Power's true financial condition became known to the market the Company's stock price dropped substantially and trading in A-Power's stock was eventually halted by NASDAQ.

The first securities class action relating to these facts, *Cheng v. A-Power Energy Generation Systems Ltd.*, No. 11-CV-5509, was filed against A-Power and certain of its officers and subsidiaries on July 1, 2011 in the U.S. District Court for the Central District of California. Subsequently one additional class action based on these facts, *Arar v. A-Power Energy Generation Systems Ltd.*, No. 11-CV-5649, was also filed in that court. Subsequent to the filing of the *Cheng* action in the Central District of California the same law firm filed the two above-captioned similar cases in this Court. Another similar case, *Weinberg v. A-Power Energy Generation Systems Ltd.*, No. 11-CV-6006, has been filed in the Southern District of New York. Except for the two Nevada cases – *Greenberg and Gupta* -- the class period alleged in all the filed complaints (and the class period announced in the initial public notice to the class) is March 31, 2008 through June 27, 2011. The class period for the complaints filed in this Court is shorter—from August 27, 2009 through June 27, 2011.

## III. ARGUMENT

### A. These Cases Should Be Consolidated

The PSLRA provides that within 90 days after the publication of the

required notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz*, 199 F.R.D. at 131. "[I]n securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Id.* (internal quotations and citation omitted).

These cases present virtually identical factual and legal issues and allege similar violations of the federal securities laws. They involve substantially the same parties and arise from the same underlying facts and circumstances. "The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) (quoting *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1995)); *see also Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989) ("The district court has broad discretion under this rule to consolidate cases pending in the same district."). Because these actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others. Consolidation of these related actions is thus appropriate as common questions of law and fact predominate in these actions. Fed. R. Civ. P. 42(a).

### B. Movant Should Be Appointed as Lead Plaintiff in the Action

#### 1. Movant's Motion Is Timely

In compliance with the PSLRA, Movant has timely moved for appointment as lead plaintiff, within 60 days of the publication of the PSLRA notice. 15 U.S.C. § 78u-4.

#### 2. Movant Believes That He Possesses the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts:

> [S]hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA requires this Court to adopt a rebuttable presumption that the most adequate plaintiff in any private action arising under the Exchange Act is the person or group of persons that has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (bb). Congress reasoned that increasing the role of investors with a large financial stake in the outcome of the litigation would be beneficial because such investors are more apt to effectively manage complex securities litigation. *See* H.R. Conference Report on the Private Securities Litigation Reform Act of 1995, H.R. Rep. No. 104-369, 104th Cong. 1st Session, at 34 (1995), *reprinted* in 1995 U.S.C.C.A.N. 730, 730-34 ("[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.").

Movant, who has suffered losses of approximately $380,000 as a result of his purchases of A-Power stock during the Class Period, has a large amount at stake in the outcome of this litigation. *See* Kaplan Decl., Ex. B (Certification of

Plaintiff) & Ex. C (calculation of Movant's losses).[1]  Movant respectfully submits that the original proposed dates for the class period (March 31, 2008 through June 27, 2011) should be used in calculating losses because, if Plaintiffs' allegations are proven, the expanded class period will offer the prospect of a recovery to many more persons who were likely injured by Defendants' conduct. *See, e.g., In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) ("For the purpose of determining lead plaintiff, I find that the use of the longer, most inclusive class period … is proper").  Moreover, the original, longer class period was the period announced to investors in the initial notice to the class.  *See In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (in determining movant with greatest loss court should look to class period set out in PSLRA notice to the proposed class); *see also* Kaplan Decl. Ex. A.

### 3. Movant Is Otherwise Qualified Under Rule 23

The PSLRA provides that, at the outset of the litigation, lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii) (I)(cc).  With respect to the qualifications of the class representative, Rule 23(a) requires generally that the plaintiff's claims be typical of the claims of the class and that the representative fairly and adequately protect the interests of the class.  As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed as lead plaintiff here.

The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs have (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct by defendants, and (3) their claims are based on the same legal issues.  *Hanon v. Dataproducts Corp.*,

---

[1] Movants' loss calculation is based on the reasonable assumption that the value of A-Power shares, whose trading has been suspended, is zero.  As page 2 of Exhibit C indicates, if A-Power shares are valued at their trading price of $1.67 at the time trading was suspended, Movant's losses total $313,418.93.

976 F. 2d 497, 508 (9th Cir. 1992). The Ninth Circuit has held that Rule 23(a)(3) should be interpreted somewhat permissively and that "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1997)).

Here, the questions of law and fact common to the members of the class that predominate over questions that may affect individual class members include the following:

> (i) whether the Exchange Act was violated by Defendants;
>
> (ii) whether Defendants made false statements and/or omissions;
>
> (iii) whether Defendants' statements were made with the requisite scienter; and
>
> (iv) whether the members of the class have sustained damages and, if so, what is the proper measure of damages.

As a result, there is a well-defined community of interest in the questions of law and fact involved in this case. The claims asserted by Movant are typical of the claims of the members of the proposed class. Because Movant's claims are based on the same legal theories and arise "'from the same event or practice or course of conduct that gives rise to the claims of other class members,'" typicality is satisfied. *Roshandel v. Chertoff*, 554 F. Supp. 2d 1194, 1204 (W.D. Wash. 2008) (citation omitted).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Hanlon*, 150 F.3d at 1020. In order to satisfy this requirement, a prospective lead plaintiff must show that he, she or it does not have any conflicts of interest with other class members

and that the plaintiff and counsel will vigorously prosecute the case. *Buus v. WaMu Pension Plan*, 251 F.R.D. 578 (W.D. Wash. 2008).

Here, Movant will more than adequately represent and protect the interests of the class. First, his interests are clearly aligned with the members of the proposed class and there is no evidence of any antagonism between his interests and the interests of the proposed class members. Second, as detailed above, he shares substantially similar questions of law and fact with the members of the proposed class and his claims are typical of the members of the class. Third, Movant has demonstrated that he will adequately serve as class representative by signing a sworn certification affirming his willingness to serve as, and assume the responsibilities of, a class representative. *See* Kaplan Decl., Ex. B. Finally, Movant has retained and selected Cohen Milstein, a firm that is highly experienced in prosecuting securities class actions, to vigorously prosecute this action on behalf of the class. Therefore, Movant satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed as such pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### C. The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35. As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected the law firm of Cohen Milstein to represent the class. Cohen Milstein has successfully prosecuted numerous securities class actions on behalf of injured investors, as is set out in the firm's resume. *See* Kaplan Decl., Ex. D. In addition, Movant has selected the law firm of Wolf, Rifkin to serve as liaison

counsel for the class. This firm will work cooperatively and diligently with lead counsel to achieve the best and most equitable result for the class.

### IV.  CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (i) consolidate the above-captioned cases; (ii) appoint him as lead plaintiff in the action pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA; and (iii) approve his selection of the law firms of Cohen Milstein to serve as lead counsel and Wolf, Rifkin to serve as liaison counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Dated: August 30, 2011                    Respectfully submitted,

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

By: s/ *Don Springmeyer*
Don Springmeyer
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
3556 E. Russell Road, Second Floor
Las Vegas, NV 89120
(702) 341-5200
(702) 341-5300 Fax

*Proposed Liaison Counsel*

Steven J. Toll
Daniel S. Sommers
Matthew B. Kaplan
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699

*Counsel for Plaintiff and Proposed Counsel for the Class*

NO. 3:10-CV-1673 RICHARD LEVINSON'S MOTION FOR CONSOLIDATION

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of August, 2011, a true and correct copy of **RICHARD LEVINSON'S MOTION FOR CONSOLIDATION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By   */s/ Christie Rehfeld*
Christie Rehfeld, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP